UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**D'VONTE SPEED,**

        **Plaintiff,**

**v.**                                                **Case No: 6:22-cv-278-CEM-DCI**

**WASTE PRO OF FLORIDA, INC.,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**     Joint Motion for Approval of Settlement (Doc. 21)
>
> **FILED:**       July 6, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    Background

Plaintiff initiated this case against Defendant under the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 255, to recover compensation after a collective action Plaintiff opted into was decertified. Doc. 1. Pending before the Court is the Parties' Joint Brief in Support of Approval of Settlement, which the Court construes as a Joint Motion for Approval of Settlement. Doc. 21 (the Motion). The parties have attached the Settlement Agreement and Release to the Motion. Doc. 21-1 (the Agreement).

In the Motion, the parties assert that the settlement amount is a compromise and the $325.00 accepted represents about 96% of Plaintiff's claimed wages. The Agreement includes a limited release of any wage claims Plaintiff could have brought in this action.

**II.     Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id.* at 1353-55. In so doing, the Court should consider the following nonexclusive factors:

- the existence of collusion behind the settlement.
- the complexity, expense, and likely duration of the litigation.
- the state of the proceedings and the amount of discovery completed.
- the probability of plaintiff's success on the merits.
- the range of possible recovery.
- the opinions of counsel.

*See Leverso v. South Trust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In addition, the Court must consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009). The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's

attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.  *Lynn's Food*, 679 F.2d at 1354.  There is a strong presumption in favor of settlement, but the Eleventh Circuit explains that the "FLSA's provisions are mandatory; thus, the provisions are not subject to negotiation or bargaining between the employers and employees."  *Id*. at 1352.

**III.   Analysis**

**A.    The Settlement**

The parties assert that the Agreement reflects a reasonable resolution of the disputed issues in this case, as well as a compromise considering the costs and uncertainty of litigation.  Doc. 21. Specifically, the parties dispute whether: (1) Plaintiff is entitled to additional overtime compensation due to a miscalculation of the regular rate; (2) Plaintiff was correctly paid wages; and (3) liquidated damages should be imposed against Defendant.  *Id*. at 4.  Defendant disputes recovery given the statute of limitations and the discretionary nature of the bonuses.  *Id*. at 2. Defendant contends that it paid Plaintiff in accordance with the FLSA and acted in good faith such that liquidated damages and the three-year statute of limitations are not available to Plaintiff's claims.  *Id*. at 3.

The parties engaged in settlement discussion and, prior to agreeing to settlement, Plaintiff was able to review time and pay records and testimony from the decertified collective action along with other evidence discovered during that action, which "provides further support for the reasonableness of resolution."  *Id*. at 5. The parties explain that Plaintiff is aware that should

litigation proceed, recovery might be greater or less and Plaintiff wishes to resolve the case to avoid the uncertainties of litigation. *Id*.

Further, the parties state that "[g]iven the totality of the issues and the strengths and weaknesses of each Party's case, the Parties negotiated to resolve this litigation, exclusive of attorneys' fees and costs, for $325.00." *Id*. at 2. The parties state that the total amount Plaintiff is receiving in settlement is approximately 96% of the claimed wages. *Id*. 5.

Because these representations adequately explain the nature of the compromise of Plaintiff's wage claim, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. Other Terms of the Resolution

Upon review, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, an allowance for written modification without court approval, or other potentially problematic contractional provisions sometimes found in proposed FLSA settlement agreements. Notably, the Agreement includes a provision stating that the Agreement "constitutes the entire agreement between the Parties on the subject matter hereof and supersedes all prior written and/or verbal agreement between them on the subject matter thereof." Doc. 21-1 at 4. As such, the undersigned has no reason to believe that there are any "side deals" in this matter.

Based on the foregoing, the undersigned **RECOMMENDS** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs

According to the Motion, Plaintiff does not bear any responsibility for fees and costs and the Agreement does not include a provision for fees and costs. As such, Plaintiff's counsel intends

to seek attorney fees and costs pursuant to the FLSA by making an application to the Court following entry of judgment under the Local Rules of this Court. Doc. 21 at 5. The undersigned finds that this proposed procedure is permitted and **RECOMMENDS** that the Court find that the issue of fees and costs does not affect the reasonableness of settlement.

However, the undersigned encourages the parties to confer concerning the issue of fees and costs and to come to an agreement concerning that matter—such conferral is, in fact, required by Local Rule 3.01(g) and must occur in person, by videoconference, or by telephone. Because the Agreement did not include any attorney fees or costs, any subsequent agreement concerning attorney fees and costs would necessarily be made separately and without regard to the amount paid to settle Plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Thus, the undersigned finds that if the parties do come to a later agreement concerning attorney fees and costs, they need not make an application to this Court to approve that agreement or otherwise consider it in light of *Lynn's Food*.

### IV.     Conclusion

Accordingly, it is **RECOMMENDED** that:

1. the Court find the Agreement (Doc. 21-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;
2. the case be **DISMISSED with prejudice**;
3. find that any motion for attorney fees and costs is unnecessary if the parties reach an agreement on that issue; and
4. the Clerk be directed to close the case.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension

of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 13, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy